UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
(URBANA DIVISION)

| | |
|---|---|
| AMY LIN,<br><br>       Plaintiff,<br><br>  v.<br><br>URBAN OUTFITTERS, INC.,<br><br>       Defendant. | Civil Action No. ____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff AMY LIN, by her attorneys, alleges as follows:

## NATURE OF THE ACTION

1. Urban Outfitters is a retail store chain selling clothing and household goods, generally aimed at young adults. As alleged herein, Urban Outfitters has misclassified Plaintiff as exempt under federal overtime laws and failed to pay Plaintiff for all hours worked by Plaintiff as well as overtime pay for hours worked above 40 in a workweek.

2. Plaintiff alleges that she is: (i) entitled to unpaid wages from Defendant for all hours she worked as well as for overtime work for which she did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331.

4. Plaintiff's claims involve matters of national or interstate interest.

5. Defendant is subject to personal jurisdiction in Illinois and within this District.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the events or omissions giving rise to the claims occurred in this District.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff is an adult individual residing in Seattle, Washington.

9. Defendant employed Plaintiff as a Department Manager ("DM") from approximately July 2011 until June 2014 at Defendant's store located in Champaign, IL.

10. Plaintiff worked in excess of forty (40) hours per workweek, without receiving wages from Defendant for all hours worked, as well as overtime compensation as required by federal law. By way of example, Plaintiff worked more than 40 hours during the weeks just before the start of the school year.

11. Defendant is a Pennsylvania corporation, with its principal executive offices located at 5000 South Broad Street, Philadelphia, Pennsylvania. According to Defendant's Form 10-K for the fiscal year ending January 31, 2016, the company operates 179 retail stores in the United States in which it sells "women's and men's fashion apparel, intimates, footwear, beauty and accessories . . . as well as an eclectic mix of apartment wares and gifts." Form 10-K at 3.[1] Defendant maintains control, oversight, and discretion over the operation of its retail stores, including their employment practices.

## STATEMENT OF FACTS

12. Defendant employed Plaintiff as a Department Manager.

---

[1] https://www.sec.gov/Archives/edgar/data/912615/000119312516525832/d118719d10k.htm (last visited 11/08/17).

13. Defendant maintains control, oversight, and discretion over the operation of its retail stores, including its employment practices with respect to Plaintiff.

14. Plaintiff's work as a Department Manager was performed in the normal course of Defendant's business and was integrated into it.

15. Consistent with Defendant's policy, pattern, and/or practice, Plaintiff regularly worked in excess of forty hours per workweek without being paid overtime wages, in violation of the FLSA. Defendant scheduled Plaintiff to work forty hours per work, but Plaintiff actually worked an average of approximately 45-60 hours per week during each week in which she worked five or more shifts. The number of shifts worked per week can be ascertained from Defendant's records.

16. Defendant assigned all of the work that Plaintiff performed, and/or has been aware of it.

17. This work required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion. Indeed, in Defendant's 2016 Form 10-K filed with the Securities and Exchange Commission, where the company describes the organization of its stores, it all but admits that its stores are run by their store managers, and the Department Manager position is treated as a subordinate one, on the level of staff:

> We have organized our retail store operations by brand into geographic areas or districts that each have a district manager. District managers are responsible for several stores and monitor and supervise individual store managers. Each store manager is responsible for overseeing the daily operations of one of our stores. In addition to a store manager, the staff of a typical store includes a combination of some or all of the following positions: a visual manager, several department managers and full and part-time sales and visual staff.

Urban Outfitters, Inc., Form 10-K for the fiscal year ended January 31, 2016 at 6.[2]

18. As a Department Manager, Plaintiff's primary job duties included manual work including but not limited to cleaning the store, folding clothes, building displays, and unloading freight.

19. As a Department Manager Plaintiff's primary job duties did not include: hiring, firing, disciplining, supervising, or exercising meaningful independent judgment and discretion.

20. Plaintiff's primary duties were manual in nature. The performance of manual labor duties occupied the majority of Plaintiff's working hours.

21. Pursuant to its centralized, company-wide policy, pattern and/or practice, Defendant classified Plaintiff and all Department Managers as exempt from coverage of the overtime provisions of the FLSA.

22. Upon information and belief, Defendant did not perform an individualized analysis of Plaintiff's job duties when making the decision to classify Plaintiff as exempt from the FLSA's overtime protections.

23. Upon information and belief, Defendant's unlawful conduct was and is pursuant to its centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA. Defendant established labor budgets to cover labor costs for the stores in which Plaintiff and other Department Managers worked. The wages for Defendant's store-level employees, including Plaintiff, were deducted from the labor budgets. However, Defendant did not provide sufficient money for the labor budgets, causing Plaintiff, who was not paid overtime, to work additional hours without compensation so that Defendant could avoid paying additional wages to the hourly (non-exempt) store-level employees. Defendant did not

---

[2] https://www.sec.gov/Archives/edgar/data/912615/000119312516525832/d118719d10k.htm (last visited 11/08/17).

consider the impact of its small labor budgets on Plaintiff's job duties, including whether these small labor budgets forced Plaintiff to perform manual labor and non-exempt duties due to the limited amount of money available to pay hourly (non-exempt) employees to perform such work.

24. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a policy, pattern, and/or practice of violating the FLSA with respect to Plaintiff. This policy and pattern or practice includes, but it is not limited to:

    a. willfully misclassifying Plaintiff as exempt from the overtime requirements of the FLSA; and

    b. willfully failing to pay Plaintiff overtime wages for hours worked in excess of 40 hours per workweek.

25. Defendant is aware or should have been aware that the FLSA. required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

26. Defendant's failure to pay overtime wages for work performed by Plaintiff in excess of 40 hours per week was willful.

27. During the course of the relevant period, Defendant failed to maintain accurate and sufficient time records for Plaintiff. Defendant had a policy and/or practice that did not allow Plaintiff to record all hours worked but only allowed Plaintiff to report a maximum of 40 hours worked per week.

**CLAIM FOR RELIEF:**
**(FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES)**

28. Plaintiff realleges and incorporates by reference all prior paragraphs as if they were set forth again herein.

29. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

30. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

31. At all relevant times and continuing to the present time, Defendant had a policy and practice of refusing to pay for all hours worked, as well as refusing to pay overtime compensation to their Department Manager, including Plaintiff, for hours worked in excess of forty hours per workweek.

32. As a result of Defendant's willful failure to compensate their employees, including Plaintiff, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, as well as for all hours worked by them, Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

33. As a result of Defendant's failure to record, report, credit and/or compensate their employees, including Plaintiff, Defendant has failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

34. As a result of Defendant's policy and/or practice to minimize labor costs with an insufficient labor budget, Defendant forced Plaintiff to perform the manual labor and non-exempt tasks described in this Complaint.

35. Due to Defendant's failure to provide enough labor budget funds, failure to perform an individualized analysis of Plaintiff's job duties to ensure that Plaintiff was performing exempt job duties, and failure to take into account the impact of the limited labor budgets on the job duties of Plaintiff, Defendant willfully violated the FLSA to save money. Defendant knew and/or showed reckless disregard for the matter of whether its conduct was prohibited by the Act. 29 U.S.C. § 255(a).

36. As a result of Defendant's FLSA violations, Plaintiff is entitled (a) to recover from Defendant her unpaid wages for all of the hours worked by Plaintiff, as overtime compensation, (b) to recover an additional, equal amount as liquidated damages Defendant's willful violations of the FLSA, and (c) to recover Plaintiff's unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks the following relief, and seeks an order or orders providing the following relief:

    a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

    b. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay due under the FLSA;

    c. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

    d. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

7

    e.    An award of prejudgment and post-judgment interest;

    f.    An award of costs and expenses of this action;

    g.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: Chicago, Illinois
       November 8, 2017                    Respectfully submitted,

                                            By: /s Paul W. Mollica

                                            **OUTTEN & GOLDEN LLP**
Paul W. Mollica (Bar No. 6194415)
161 N. Clark Street, Suite 1600
Chicago, Illinois 60601
Telephone: (312) 809-7010

Justin M. Swartz
Ossai Miazad (*pro hac vice* forthcoming)
Michael J. Scimone (*pro hac vice* forthcoming)
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**KLAFTER OLSEN & LESSER LLP**
Seth R. Lesser (*pro hac vice* forthcoming)
Fran L. Rudich (*pro hac vice* forthcoming)
Michael H. Reed (*pro hac vice* forthcoming)
Christopher Timmel (*pro hac vice* forthcoming)
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200

**HEPWORTH, GERSHBAUM & ROTH, PLLC**
Marc S. Hepworth (*pro hac vice* forthcoming)
Charles Gershbaum (*pro hac vice* forthcoming)
David A. Roth (*pro hac vice* forthcoming)
Rebecca S. Predovan (*pro hac vice* forthcoming)
192 Lexington Avenue, Ste. 802
New York, New York 10016
Telephone: (212) 545-1199

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (*pro hac vice* forthcoming)
Alan L. Quiles (*pro hac vice* forthcoming)
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888

*Attorneys for Plaintiff*