UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| AMY LIN, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:17-cv-02256-CSB-EIL |
| | ) |
| v. | ) |
| | ) Hon. Judge Colin S. Bruce |
| URBAN OUTFITTERS, INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant Urban Outfitters, Inc., (hereinafter "Urban" or "Defendant"), by and through its attorneys Drinker Biddle & Reath LLP, submits its Answer and Affirmative Defenses to the Complaint by Plaintiff Amy Lin ("Lin" or "Plaintiff") and states as follows:

## NATURE OF THE ACTION

1.  Urban Outfitters is a retail store chain selling clothing and household goods, generally aimed at young adults. As alleged herein, Urban Outfitters has misclassified Plaintiff as exempt under federal overtime laws and failed to pay Plaintiff for all hours worked by Plaintiff as well as overtime pay for hours worked above 40 hours in a workweek.

**ANSWER:** Urban admits only that Defendant is a retailer of fashion clothing, accessories and other items with locations throughout the United States. The remaining allegations in Paragraph 1 state conclusions of law to which no response is required. To the extent Paragraph 1 alleges any additional facts, they are denied.

2.  Plaintiff alleges that she is: (i) entitled to unpaid wages from Defendant for all hours she worked as well as for overtime work for which she did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the Federal Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.

**ANSWER:** Paragraph 2 states conclusions of law to which no response is required. To the extent Paragraph 2 alleges any facts, they are denied.

91412752

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331.

**ANSWER:** Paragraph 3 states conclusions of law to which no response is required. To the extent Paragraph 3 alleges any facts, they are denied.

4. Plaintiff's claims involve matters of national or interstate interest.

**ANSWER:** Paragraph 4 states conclusions of law to which no response is required. To the extent Paragraph 4 alleges any facts, they are denied.

5. Defendant is subject to personal jurisdiction in Illinois and within this District.

**ANSWER:** Paragraph 5 states conclusions of law to which no response is required. To the extent Paragraph 5 alleges any facts, they are denied.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the events or omissions giving rise to the claims occurred in this District.

**ANSWER:** Paragraph 6 states conclusions of law to which no response is required. To the extent Paragraph 6 alleges any facts, they are denied.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Paragraph 7 states conclusions of law to which no response is required. To the extent Paragraph 7 alleges any facts, they are denied.

## THE PARTIES

8. Plaintiff is an adult individual currently residing in Seattle, Washington.

**ANSWER:** Defendant admits only that Lin is an adult individual. Urban lacks knowledge or information sufficient to affirm or deny the remaining allegations in Paragraph 8 and, therefore, they are denied.

9. Defendant employed Plaintiff as a Department Manager ("DM") from approximately July 2011 until June 2014 at Defendant's store located in Champaign, Illinois.

**ANSWER:** Defendant denies the allegations in Paragraph 9, except admits that Lin worked as a Department Manager for Urban.

10. Plaintiff worked in excess of forty (40) hours per workweek, without receiving wages from Defendant for all hours worked, as well as overtime compensation as required by federal law. By way of example, Plaintiff worked more than 40 hours during the weeks just before the start of the school year.

**ANSWER:** Denied.

11. Defendant is a Pennsylvania corporation, with its principal executive offices located at 5000 South Broad Street, Philadelphia, Pennsylvania. According to Defendant's Form 10-K for the fiscal year ending January 31, 2016, the company operates 179 retail stores in the United States in which it sells "women's and men's fashion apparel, intimates, footwear, beauty and accessories ... as well as an eclectic mix of apartment wares and gifts." Form 10-K at 3. Defendant maintains control, oversight, and discretion over the operation of its retail stores, including their employment practices.

**ANSWER:** Defendant denies the allegations in Paragraph 11 of the Complaint, except admits that Urban is a Pennsylvania corporation headquartered at 5000 South Broad Street, Philadelphia, Pennsylvania. Defendant's Form 10-K speaks for itself.

## STATEMENT OF FACTS

12. Defendant employed Plaintiff as a Department Manager.

**ANSWER:** Admitted.

13. Defendant maintains control, oversight, and discretion over the operation of its retail stores, including their employment practices with respect to Plaintiff.

**ANSWER:** Admitted.

14. Plaintiff's work as a Department Manager was performed in the normal course of Defendant's business and was integrated into it.

**ANSWER:** Defendant admits only that plaintiff worked as a Department Manager. The remaining allegations in Paragraph 14 are vague and ambiguous such that Defendant cannot reasonably respond and, therefore, they are denied.

15. Consistent with Defendant's policy, pattern, and/or practice, Plaintiff regularly worked in excess of forty hours per workweek without being paid overtime wages, in violation of

the FLSA. Defendant scheduled Plaintiff to work forty hours per work, but Plaintiff actually worked an average of approximately 45-60 hours per week during each week in which she worked five or more shifts. The number of shifts worked per week can be ascertained from Defendant's records.

**ANSWER:** Defendant denies the allegation that "consistent with Defendant's policy, pattern and/or practice, Plaintiff regularly worked in excess of forty hours per workweek." Defendant denies that Plaintiff worked 45-60 hours per week on average. The remaining allegations in Paragraph 15 state conclusions of law to which no response is required.

16. Defendant assigned all of the work that Plaintiff performed, and/or has been aware of it.

**ANSWER:** The allegations in Paragraph 16 are vague and ambiguous such that Defendant cannot reasonably respond and, therefore, they are denied. Defendant further denies that Defendant assigned all of the work that Plaintiff performed.

17. This work required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion. Indeed, in Defendant's 2016 Form 10-K filed with the Securities and Exchange Commission, where the company describes the organization of its stores, it all but admits that its stores are run by their store managers, and the DM position is treated as a subordinate one, on the level of staff:

> We have organized our retail store operations by brand into geographic areas or districts that each have a district manager. District managers are responsible for several stores and monitor and supervise individual store managers. Each store manager is responsible for overseeing the daily operations of one of our stores. In addition to a store manager, the staff of a typical store includes a combination of some or all of the following positions: a visual manager, several department managers and full and part-time sales and visual staff.

Urban Outfitters, Inc., Form 10-K for the fiscal year ended January 31, 2016 at 6.

**ANSWER:** Urban's Form 10-K speaks for itself. The remaining allegations in Paragraph 17 are denied.

18. As a Department Manager, Plaintiff's primary job duties included manual work including but not limited to cleaning the store, folding clothes, building displays, and unloading freight.

4

91412752

**ANSWER:**    Denied.

19.    As a Department Manager, Plaintiff's primary job duties did not include: hiring, firing, disciplining, supervising, or exercising meaningful independent judgment and discretion.

**ANSWER:**    Denied.

20.    Plaintiff's primary duties were manual in nature. The performance of manual labor duties occupied the majority of Plaintiff's working hours.

**ANSWER:**    Denied.

21.    Pursuant to its centralized, company-wide policy, pattern and/or practice, Defendant classified Plaintiff and all Department Managers as exempt from coverage of the overtime provisions of the FLSA.

**ANSWER:**    Defendant admits only that its Department Managers were properly classified as exempt.  The remaining allegations in Paragraph 21 are denied.

22.    Upon information and belief, Defendant did not perform an individualized analysis of Plaintiff's job duties when making the decision to classify Plaintiff as exempt from the FLSA's and overtime protections.

**ANSWER:**    Denied.

23.    Upon information and belief, Defendant's unlawful conduct was and is pursuant to its centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.  Defendant established labor budgets to cover labor costs for the stores in which Plaintiff and other Department Managers worked.  The wages for Defendant's store-level employees, including Plaintiff, were deducted from the labor budgets.  However, Defendant did not provide sufficient money for the labor budgets, causing Plaintiff, who was not paid overtime, to work additional hours without compensation so that Defendant could avoid paying additional wages to the hourly (non-exempt) store-level employees.  Defendant did not consider the impact of its small labor budgets on Plaintiff's job duties, including whether these small labor budgets forced Plaintiff to perform manual labor and non-exempt duties due to the limited amount of money available to pay hourly (non-exempt) employees to perform such work.

**ANSWER:**    Denied.

24.    As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a policy, pattern, and/or practice of violating the FLSA with respect to Plaintiff. This policy and pattern or practice includes, but it is not limited to:

    a.    willfully misclassifying Plaintiff as exempt from the overtime requirements of the FLSA; and

   b.  willfully failing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per workweek.

**ANSWER:** Denied.

  25. Defendant is aware or should have been aware that the FLSA required it to pay their employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

**ANSWER:** Denied.

  26. Defendant's failure to pay overtime wages for work performed by Plaintiff in excess of 40 hours per week was willful.

**ANSWER:** Denied.

  27. During the course of the relevant period, Defendant failed to maintain accurate and sufficient time records for Plaintiff. Defendant had a policy and/or practice that did not allow Plaintiff to record all hours worked but only allowed Plaintiff to report a maximum of 40 hours worked per week.

**ANSWER:** Denied.

## FIRST CLAIM FOR RELIEF:

## (FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES)

  28. Plaintiff realleges and incorporates by reference all prior paragraphs as if they were set forth again herein.

**ANSWER:** Defendant repeats and realleges its responses to the allegations of Paragraphs 1-27 of the Complaint as if set forth more fully herein.

  29. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER:** Paragraph 29 states conclusions of law to which no response is required.

  30. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

**ANSWER:** Paragraph 30 states conclusions of law to which no response is required.

  31. At all relevant times and continuing to the present time, Defendant had a policy and practice of refusing to pay for all hours worked, as well as refusing to pay overtime compensation

91412752

to their Department Manager, including Plaintiff, for hours worked in excess of forty hours per workweek.

**ANSWER:**   Denied.

32.   As a result of Defendant's willful failure to compensate their employees, including Plaintiff, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, as well as for all hours worked by them, Defendant violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

**ANSWER:**   Denied.

33.   As a result of Defendant's failure to record, report, credit and/or compensate their employees, including Plaintiff, Defendant has failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

**ANSWER:**   Denied.

34.   As a result of Defendant's policy and/or practice to minimize labor costs with an insufficient labor budget, Defendant forced Plaintiff to perform the manual labor and nonexempt tasks described in this Complaint.

**ANSWER:**   Denied.

35.   Due to Defendant's failure to provide enough labor budget funds, failure to perform an individualized analysis of Plaintiff's job duties to ensure that Plaintiff was performing exempt job duties, and failure to take into account the impact of the limited labor budgets on the job duties of Plaintiff, Defendant willfully violated the FLSA to save money. Defendant knew and/or showed reckless disregard for the matter of whether its conduct was prohibited by the Act. 29 U.S.C. § 255(a).

**ANSWER:**   Denied.

36.   As a result of Defendant's FLSA violations, Plaintiff is entitled (a) to recover from Defendant his unpaid wages for all of the hours worked by Plaintiff, as overtime compensation, (b) to recover an additional, equal amount as liquidated damages Defendant's willful violations of the FLSA, and (c) to recover Plaintiff's unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**ANSWER:**   Denied.

91412752

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and each cause of action alleged therein, fails to allege facts sufficient to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Paid as Required by Law)

The Complaint, and each cause of action alleged therein, fails, in whole or in part, because Plaintiff was at all times properly and timely paid all compensation due, as required by law.

### THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendant believes that Plaintiff's claims are barred to the extent they fall outside the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

Plaintiff has waived the right or is estopped by reason of his conduct and actions to assert the claims alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

### (No Willfulness)

Defendant did not act willfully or with knowledge or reckless disregard as to whether Defendant's conduct violated the wage and hour laws of any applicable jurisdiction.

91412752

**SIXTH AFFIRMATIVE DEFENSE**

**(No Knowledge, Authorization or Ratification)**

Defendant is not liable for the alleged damages because, if any person or entity engaged in intentional, willful or unlawful conduct as alleged in the Complaint, such person or entity did so without the knowledge, authorization, or ratification of Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unavailable)**

Plaintiff's claim for punitive damages and/or liquidated damages are barred.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith/Legitimate Business Reasons)**

The Complaint, and each claim contained therein, fails, in whole or in part, because Defendant had a reasonable, honest, good faith belief that all acts and omissions, if any, affecting the Plaintiff were made by Defendant solely for legitimate, business-related reasons that were neither arbitrary, capricious, nor unlawful and were reasonably based upon the facts as Defendant understood them.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver or Consent)**

The Complaint, and each cause of action alleged therein, fails, in whole or in part, because the Plaintiff consented to the conduct complained of or have otherwise waived the right, by reason of Plaintiff's conduct and actions, to assert the claims alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (No Penalties; Good Faith Dispute as to Wages Owed)

The Complaint, and each cause of action alleged therein, fails to state a claim for penalties for alleged wage violations under the FLSA because there is a good faith dispute as to Defendant's obligation to pay any wages which may be found to be due.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Payment of Wages)

The Complaint, and each cause of action alleged therein, is barred, in whole or in part, to the extent the Plaintiff has ever recovered in other proceedings any monies for the wages, benefits, or other compensation at issue in this action.

## TWELFTH AFFIRMATIVE DEFENSE

### (Civil Penalties Unjust, Arbitrary, Oppressive and/or Confiscatory)

The Plaintiff is precluded from recovering penalties in whole or in part under the applicable provisions of the law as, based upon the facts and circumstances of this case, any imposition of penalties would result in an award that is unjust, arbitrary, oppressive, and/or confiscatory.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional defenses as information is gathered through discovery and investigation. In asserting these defenses, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof and/or persuasion with respect to any matter as to which Plaintiff has the burden of proof or persuasion.

91412752

**WHEREFORE**, Defendant Urban Outfitters, Inc., respectfully requests that the Court enter an Order:

1. That judgment be entered in favor of Defendant and against Plaintiff;

2. That the Complaint be dismissed, in its entirety, with prejudice;

3. That Defendant be awarded its costs of suit herein; and

4. For such other additional relief as this Court deems just and proper.

Dated:  March 9, 2018

Respectfully Submitted,
URBAN OUTFITTERS, INC.

By:   /s/ Shavaun Adams Taylor

Attorneys for Defendant
Shavaun Adams Taylor
DRINKER BIDDLE & REATH LLP
191 North Wacker Drive, Suite 3700
Chicago, Illinois 60606
Telephone:  (312) 569-1000
Fax:  (312) 569-3000
Shavaun.taylor@dbr.com

Thomas J. Barton (*pro hac vice* anticipated)
DRINKER BIDDLE & REATH LLP
105 College Road East
Post Office Box 627
Princeton, New Jersey 08542-0627
(609) 716-6594
Thomas.Barton@dbr.com

William R. Horwitz (*pro hac vice* anticipated)
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:  (973) 549-7000
Fax:  973) 360-9831
William.horwitz@dbr.com

91412752

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 9, 2018, she electronically filed the foregoing Answer to Complaint with the Clerk of the Court using the ECF system which will provide electronic service to the following:

**OUTTEN & GOLDEN LLP**
Paul W. Mollica (Bar No. 6194415)
161 N. Clark Street, Suite 1600
Chicago, Illinois 60601
Telephone: (312) 809-7010

Justin M. Swartz
Ossai Miazad (*pro hac vice* forthcoming)
Michael J. Scimone (*pro hac vice* forthcoming)
685 Third avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**KLAFTER OLSEN & LESSER LLP**
Seth R. Lesser (*pro hac vice* forthcoming)
Fran L. Rudich (*pro hac vice* forthcoming)
Michael H. Reed (*pro hac vice* forthcoming)
Christopher Timmel (*pro hac vice* forthcoming)
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200

**HEPWORTH, GERSHBAUM & ROTH, PLLC**
Marc S. Hepworth (*pro hac vice* forthcoming)
Charles Gershbaum (*pro hac vice* forthcoming)
David A. Roth (*pro hac vice* forthcoming)
Rebecca S. Predovan (*pro hac vice* forthcoming)
192 Lexington Avenue, Ste. 802
New York, New York 10016
Telephone: (212) 545-1199

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (*pro hac vice* forthcoming)
Alan L. Quiles (*pro hac vice* forthcoming)
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888


By: /s/ Shavaun Adams Taylor
One of the Attorneys for Defendant

91412752